IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL TYSON LEE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-692-ALB |
| | ) [WO] |
| JUDGE MICHAEL JONES, JR., *et al.*, | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Michael Lee, an inmate incarcerated at the Covington County Jail in Andalusia, Alabama, files this 42 U.S.C. § 1983 action against the Honorable Michael Jones, Jr., municipal court judge for the City of Andalusia, and the City of Andalusia, Alabama. Lee alleges his constitutional rights were violated when he was detained an additional five days past his release date on a charge of failure to appear. For relief, Lee requests damages of $1,500 for each extra day he remained in prison. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

**A.      Judge Michael Jones, Jr.**

Lee names the Honorable Michael Jones, Jr., a Municipal Judge with the Andalusia Municipal Court. Lee seeks to hold Judge Jones liable for his over-detention in the Covington County Jail. According to the complaint, Lee was booked in the Covington County Jail on May

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis.* Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

6, 2019, for the offense of Failure to Appear which, Lee claims, carries a maximum term of imprisonment of thirty days as a Class-C misdemeanor. Lee alleges he remained in the jail for thirty-five days—until June 10, 2019—resulting in a violation of his due process rights. Doc. 1 at 3.

Assuming Judge Jones bore any responsibility for Lee's alleged over-detention in the county jail, he is entitled to judicial immunity. "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Court*, 150 Fed. App'x 988, 990 (11th Cir. 2005) (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Thus, a municipal court judge is entitled to absolute immunity from damages for actions taken in his official capacity, even when his actions are allegedly erroneous or even malicious. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wuyisa v. City of Miami Beach*, 614 F. App'x 389, 391 (11th Cir. 2015) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). Further, to the extent Lee seeks damages from the judicial defendant in his official capacity, those efforts are foreclosed by the Eleventh Amendment. While the doctrine of judicial immunity applies to claims against Judge Lee in his individual capacity, he is entitled to Eleventh Amendment immunity for claims asserted against him in his official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding in a damages action that neither a state nor its officials acting in their official capacities are "persons" subject to suit under section 1983).

To determine whether a judge is entitled to absolute immunity from money damages under Section 1983, *Stump* established a two-part test: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." *Simmons,* 86 F.3d at 1084–85 (citing *Stump*, 435 U.S. at 357, 362); *Jenkins,* 150 Fed. App'x at 990. For

judicial immunity purposes, an act is done in "clear absence of all jurisdiction" if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946–47 (11th Cir. 1985) (en banc).  Judges cannot be sued for money damages for performing judicial acts, even when the acts result in unfairness and injustice to a litigant. *Mireles v. Waco*, 502 U.S. 9 (1991).

In this action, Lee complains about actions taken by Judge Jones in his judicial capacity, and his allegations against Judge Jones do not compel the conclusion this defendant acted in clear absence of jurisdiction.  Accordingly, Lee's claim for monetary damages against Judge Jones is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**B.**     **City of Andalusia**

Lee names the City of Andalusia as a defendant. Section 1983 imposes liability on a municipality such as the City of Andalusia only if it deprives a plaintiff of rights protected by the Constitution or federal law under an official municipal policy.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  And governmental entities such as the City of Andalusia cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*.  *Id.* at 694; *Canton v. Harris*, 489 U.S. 378, 385 (1989) (holding that "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under 19§83."). Nor may a county be held liable under § 1983 simply because it employs a tortfeasor. *See Monell,* 436 U.S. at 691. Rather, "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that

constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *Canton,* 489 U.S. at 388).

Here, Lee's complaint fails to articulate a theory under *Monell* under which the City of Andalusia may be held liable. Consequently, there's no legal basis on which Lee's claims against this Defendant may proceed. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation omitted) (holding that "[w]hile we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Lee's claims against the City of Andalusia are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). *Neitzke*, 490 U.S. at 327.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Jones be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii));

2. Plaintiff's complaint against City of Andalusia be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. This case be DISMISSED prior to service of process.

It is further

ORDERED that on or before **November 12, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 28th day of October 2019.

    /s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE